O

# United States District Court
# Central District of California

| | |
|---|---|
| JOE RUIZ SR. and JOE RUIZ JR., <br><br> Plaintiff, <br><br> v. <br><br> BMW OF NORTH AMERICA, LLC, and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 2:16-CV-01177-ODW-AGR <br><br> **ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDMENT COMPLAINT AND DENYING MOTION TO REMAND [9, 10]** |

## I. INTRODUCTION

Plaintiffs Joe Ruiz Sr. and Joe Ruiz Jr. ("Plaintiffs"), both residents of California, filed suit against BMW of North America ("BMW"), a Delaware Corporation, in Los Angeles County Superior Court, alleging breach of warranty claims under state and federal law. (Compl., ECF No. 1-1.) After BMW removed the case to this Court, Plaintiffs moved to amend their complaint to add diversity-destroying Defendant Finchey Corporation of California, a California Corporation d/b/a Pacific BMA ("Pacific BMW"), for alleged negligent repairs made to Plaintiffs' vehicle. (Mot. for Leave to File First Am. Compl. ("Mot. to Am."), ECF No. 9.) Plaintiffs also move to remand the case, claiming that the addition of Pacific BMW renders the parties non-diverse and that its federal claims can be heard in state court.

(Mot. to Remand, ECF No. 10.) For the reasons discussed below, the Court **GRANTS** Plaintiffs' Motion for Leave to File First Amended Complaint and **DENIES** Plaintiffs' Motion to Remand.[1]

## II.   FACTUAL BACKGROUND

Plaintiffs purchased a new 2014 BMW 427i couple from an authorized BMW dealer in Irvine, California on May 27, 2014. (Hamblin Decl. in support of Mot. for Leave ("Hamblin Decl.") ¶ 5, ECF No. 9.) Plaintiffs allege that they received the subject vehicle with various engine defects. (Compl. ¶ 8.) On at least six occasions between September 2014 and July 2015, Plaintiffs took the vehicle in for service. (Hamblin Decl. ¶ 6, ECF No. 9.) Plaintiffs claim that BMW wrongfully denied them warranty coverage, in violation of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790 *et* seq., and the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301. (Compl. ¶¶ 10, 27.)

## III.   LEGAL STANDARD

Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009). The decision whether to grant leave to amend rests in the sound discretion of the trial court. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996); *California v. Neville Chem. Co.*, 358 F.3d 661, 673 (9th Cir. 2004).

The U.S. Supreme Court has held that courts should freely grant leave to amend absent special circumstances, such as: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies with previous amendment; (4) prejudice to the opposing party; and (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The party opposing the amendment carries the burden of showing why leave to amend should be denied. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186–187 (9th Cir. 1987).

---

[1] After carefully considering the papers filed in support of and in opposition to the Motions, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

2

Further, federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. A defendant may remove a case from a state court to a federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, on the basis of federal question or diversity jurisdiction. To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a).

## IV. DISCUSSION

**1. Motion For Leave To File First Amended Complaint**

In their Motion, Plaintiffs seek leave to add a new claim for negligent repairs against a new diversity-destroying defendant, Pacific BMW. (Mot. for Leave 2.) Plaintiffs claim that further investigation has led them to discover that Pacific BMW conducted three of the six repair attempts on the subject vehicle. (*Id.*) Plaintiffs argue that the Court should grant leave to amend because the proposed amendments stem from the same series of transactions, the same vehicle, and the same repairs. (*Id.* 3.) They claim they only have legitimate motives and have acted with haste in seeking such an amendment. (*Id.* 5.)

BMW asserts that Plaintiffs' Motion should be denied because of undue delay and bad faith. (Opp'n 2, ECF No. 12.) In its Opposition, BMW states that the purpose of Plaintiffs' joinder of Pacific BMW is solely to defeat diversity jurisdiction. (*Id.* 3.) BMW suggests that the timing of Plaintiffs' proposed amendments further point to an improper motive because Plaintiffs knew that their vehicle was serviced at Pacific BMW prior to the time they filed their Complaint. (*Id.* 2.) The Court analyzes these arguments considering the well-established *Foman* factors.

### A. Bad Faith

The Court first considers bad faith and dilatory motive. Courts routinely exercise their discretion to deny joinder when it appears that the plaintiff's sole motivation for joining a defendant is to defeat diversity jurisdiction and avoid resolution of the case in federal court. *See Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980) (concluding that a trial court "should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and require a remand to the state court").

The Court is extremely concerned that this Motion is being made solely for the purpose of getting the case remanded to state court. Plaintiffs allege Pacific BMW serviced the subject vehicle on June 30, 2013, July 7, 2015, and July 9, 2015. (Proposed First Am. Compl. ¶ 11, ECF No. 9-2.) Plaintiffs certainly knew that they had their vehicle serviced at Pacific BMW before they filed their Original Complaint on January 13, 2016. (ECF No. 1-1.) However, Plaintiffs claim they have been working diligently to analyze documents in support of their claims and have only recently discovered grounds for the claim against Pacific BMW. (Mot. to Am. 5.)

Specifically, Plaintiffs have not identified any facts or law they supposedly learned after January 13, 2016 that led them to believe they had a viable claim against Pacific BMW. (*Id.*) Leave to amend has been denied where the moving party either knew or should have known the facts on which the amendment is based when drafting

the original pleading, but failed to include them. *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994).

It should also be noted that Plaintiffs simultaneously filed a Motion to Remand, in which they argue that, if their Motion to Amend is granted, this Court will no longer have diversity jurisdiction. *See Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) (stating that the proposed amendment was disallowed because the delay was a tactical choice brought specifically to avoid the possibility of an adverse ruling).

### B. Undue Delay

The next factor to consider is undue delay. In evaluating undue delay, courts "do not merely ask whether a motion was filed within a period of time allotted by the district court . . . ." *AmerisourceBergen Corp. v. Dialysist West Inc.*, 465 F.3d 946, 953 (9th Cir. 2006). It is also relevant to ask "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990); *see also Chodus v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (stating that the district court did not abuse its discretion in denying a motion to amend on undue delay where the facts were available to the plaintiff before previous amendments to the complaint).

Here, Plaintiffs moved for leave to amend relatively quickly, and they claim it was at their earliest opportunity. (Mot. to Am. 5.) Plaintiffs filed this action on January 13, 2016, BMW removed the action to this Court on February 19, 2016, and Plaintiffs filed this Motion on March 18, 2016. (ECF Nos. 1, 9.) No trial date has been set, the initial status conference has yet to be held, no pretrial scheduling order is in place, and no discovery has been conducted.

///

///

///

### C. Prejudice to the Opposing party

The next factor to be considered is prejudice to the *opposing* party. Neither party asserts that BMW will suffer undue prejudice from Plaintiffs' proposed amendments.

### D. Futility

Next, BMW argues that Plaintiffs' Motion to Amend should be denied because the amendments Plaintiffs seek are futile. (Def.'s Mem. of P. & A. in Supp. of Defs.' Opp'n to Pl.'s Mot. to Amend the Pleadings ("Opp'n."), 3–4, ECF No. 37-1.) BMW's assertion that Plaintiffs' proposed First Amended Complaint fails to state a claim against Pacific BMW upon which relief can be granted is not persuasive. (Opp'n 6.) The proposed First Amended Complaint appears sufficient to meet Rule 8's requirement that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

After weighing the factors, the Court is concerned that Plaintiffs' intent is to destroy diversity and cause this case to be remanded to state court. However, because this Court would retain federal question jurisdiction over the First Amended Complaint, the Court will **GRANT** Plaintiffs' Motion to Amend (ECF No. 9).

## 2. Motion For Remand To Superior Court Of California

The addition of diversity-destroying Pacific BMW does not disrupt this Court's federal question jurisdiction. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 based on Plaintiffs' second cause of action, violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301. In addition, this Court has supplemental subject matter jurisdiction over the state law claims set forth in the First Amended Complaint, pursuant to 28 U.S.C. § 1367(a), because the claims therein are so related to the claim within the Court's original jurisdiction, they form part of the same case or controversy under Article III of the U.S. Constitution. As such, the Court **DENIES** Plaintiffs' Motion to Remand (ECF No. 10).

///

## V. CONCLUSION

Balancing the concerns of the parties, the Court finds that **GRANTING** Plaintiffs' Motion to Amend and **DENYING** Plaintiffs' Motion to Remand is the most equitable outcome.

**IT IS SO ORDERED.**

July 26, 2016

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**