O

# United States District Court
# Central District of California

| | |
|---|---|
| JOE RUIZ, SR.; JOE RUIZ, JR, <br><br> Plaintiffs, <br><br> v. <br><br> BMW OF NORTH AMERICA, LLC; PACIFIC BMW; and DOES 1-10, inclusive, <br><br> Defendants. | Case № 2:16-cv-01177-ODW (AGRx) <br><br> **ORDER GRANTING DEFENDANT PACIFIC BMW'S MOTION TO DISMISS [27]** |

## I.   INTRODUCTION

Plaintiffs' First Amended Complaint ("FAC") asserts three causes of action: violations of the Song-Beverly Act, violations of the Magnuson-Moss Act, and negligent repair. (ECF No. 17.)  Only the third cause of action, negligent repair, is alleged against Defendant Pacific BMW.  Pacific BMW now moves to dismiss Plaintiffs' complaint.  For the reasons discussed below, the Court hereby **GRANTS** Pacific BMW Motion.[1]  (ECF No. 27.)

## II.   FACTUAL BACKGROUND

Plaintiffs allege that on May 27, 2014, they purchased a new BMW 428i.  (FAC

---

[1] After considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

¶ 8.) Thereafter, the vehicle exhibited engine defects among other defects and nonconformities. (*Id.* ¶ 9.) Plaintiffs delivered the vehicle to Defendants BMW of North America, LLC for maintenance and repairs on at least six occasions in connection with these defects. (*Id.* ¶ 10.) Three of those repair attempts were conducted by Pacific BMW, through BMW of North America's authorized repair facilities. (*Id.* ¶ 11.) Plaintiffs claim that despite multiple opportunities, Pacific BMW failed to properly repair the vehicle. (*Id.* ¶ 13.)

Plaintiffs' claims for violations of the Song-Beverly Act and the Magnuson-Moss Act apply only to BMW of North America, while the claim for negligent repair applies only to Pacific BMW. (*See generally* FAC.)

### III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden*

1 *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

2 As a general rule, a court should freely give leave to amend a complaint that has
3 been dismissed, even if not requested by the plaintiff.  *See* Fed. R. Civ. P. 15(a);
4 *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).  However, a court may
5 deny leave to amend when it "determines that the allegation of other facts consistent
6 with the challenged pleading could not possibly cure the deficiency." *Schreiber*
7 *Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV.   DISCUSSION

As a preliminary matter, Plaintiffs argue that Pacific BMW failed to meet and confer prior to filing this motion, as required per Local Rule 7-3.  (*Id.* at 2–4.)  Pacific BMW disagrees, stating that it discussed the fact that the claim was barred by the economic loss doctrine during the parties' Rule 26(f) conference.  (*Id.* at 3.)  Further, Pacific BMW states that Plaintiffs failed to respond to its request to dismiss the negligent repair claims.  (*Id.*; Philipson Decl. ¶¶ 4–6.)  In light of this, the Court decides to reach the merits of the parties' arguments rather than deciding the issue based on a lack of compliance with the local rules.

Pacific BMW's motion to dismiss is made on the basis that the economic loss rule bars Plaintiffs' cause of action for negligent repair.  (Mot. 2.)  The economic loss rule precludes tort claims for purely economic damages.  *In re Mesa Bus. Equip., Inc.*, 931 F.2d 60 (9th Cir. 1991).  In order for a plaintiff to successfully bring a claim for negligence, it must demonstrate that the negligence caused harm to person or property. *UMG Recordings, Inc. v. Global Eagle Entm't, Inc.*, 117 F. Supp. 3d 1092, 1103 (C.D. Cal. 2015).  Further, a plaintiff cannot recover in tort for damages to a defective product itself—the defective product must cause damage to a person or other property in order to give rise to a tort remedy.  *See Jimenez v. Superior Court*, 29 Cal. 4th 473, 481–83 (2002).

Here, Plaintiffs' FAC does not allege any personal injury, nor does it claim that any of Plaintiffs' property was harmed other than the defective vehicle itself.  (*See*

*generally* FAC.) Plaintiffs claim in their Opposition that "clearly, appropriate damages have been alleged," but they do not offer any support or legal authority to counter Pacific BMW's argument that the economic loss rule bars recovery here. (*See* Opp'n 3, ECF No. 29.) As such, Plaintiffs have not stated a claim against Pacific BMW on which relief can be granted.

Because Plaintiffs have already amended their complaint once and do not dispute that no harm to person or other property occurred in connection with the facts of this lawsuit, the Court declines to grant leave to amend. *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986) (court may deny leave to amend where amendment would be futile).

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant Pacific BMW's motion to dismiss. Plaintiffs' complaint is hereby dismissed as to Pacific BMW without leave to amend.

**IT IS SO ORDERED.**

January 18, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**